```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

            -against-

JAYVON KEITT,

                              Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/2020__

20 Cr. 66 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Jayvon Keitt, a prisoner serving his sentence at MDC Brooklyn ("MDC"), moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). Def. Mem., ECF No. 47.

For the reasons stated below, the motion is DENIED.

## BACKGROUND

On January 24, 2020, Keitt pleaded guilty to conspiring to distribute and possess with intent to distribute 28 grams and more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *See* ECF No. 14; 1/24/2020 Docket Entry. The Court stated at sentencing that Mr. Keitt sold drugs on a regular basis over an extended period of time, as part of the Bloods street gang, and that this was not his first criminal conviction. Sentencing Tr. at 18:3–9, ECF No. 45. The Court noted that Keitt was twenty years old at the time of sentencing and had a difficult upbringing. *Id.* at 18:10–12. A letter submitted by his former defense counsel, Eli Northrup, Esq., described him as a reliable, honest, and good person. *Id.* at 19:24–20:1. Keitt was sentenced to sixty months' imprisonment, the mandatory minimum, to be followed by five years of supervised release. ECF No. 43; *see* 21 U.S.C. §§ 846, 841(b)(1)(B).

Keitt is now twenty-one years old. *See* Gov't Opp'n at 1, ECF No. 50. He has a history of childhood asthma, but has not had any "exacerbations [in over a] year." *See* 6/3/2020 Med.

Encounter Report at 1[1]; Gov't Opp'n at 5.  On June 8, 2020, he was prescribed an albuterol inhaler. *See* 6/8/2020 Med. Encounter Report at 1.

On August 9, 2020, Keitt submitted a request for compassionate release to the warden of MDC, who has not yet responded.  Def. Mem. at 1.  On December 2, 2020, Keitt moved this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic.  *Id.*

## ANALYSIS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that— . . . in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Keitt must both meet the exhaustion requirement and demonstrate that "extraordinary and

---

[1] The parties filed Keitt's BOP medical records under seal.  Because Keitt's privacy interest in his medical records outweighs the public right of access to judicial documents, the Court shall maintain the records under seal.  However, given that both parties' filings discuss the essential facts of those records publicly, the Court will not redact the portion of this order that addresses Keitt's medical history.  *See United States v. Ebbers*, 432 F. Supp. 3d 421, 423 n.1 (S.D.N.Y. 2020) ("This [o]pinion includes details of [movant's] medical tests, results, and diagnoses.  The vast majority of these details are in the public record, summarized in the motion papers and subsequent letters on the docket from [movant's] counsel and the Government.  The medical records themselves remain under seal, but the Court draws a limited number of details from them for the purposes of this [o]pinion." (citations omitted)); *Wheeler-Whichard v. Doe*, No. 10 Civ. 358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) ("[D]istrict courts routinely file medical records under seal . . . .").

compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct; [and]
>   (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

In this case, the parties do not dispute that Keitt has met the exhaustion requirement, because his request for compassionate release submitted to the warden of MDC on August 9, 2020, has gone unanswered. Def. Mem. at 1; *see* Gov't Opp'n at 3.

However, considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court cannot conclude that a reduction in Keitt's sentence is warranted. Keitt pleaded guilty to conspiring to distribute and possess with intent to distribute 28 grams and more of a controlled substance, an offense that carries a five-year mandatory minimum sentence. 21 U.S.C. §§ 846, 841(b)(1)(B). To date, he has served roughly twenty months of that sentence, meaning that he has about three years of incarceration left. *See* Def. Mem. at 1.

Several of the § 3553 factors point against shortening the sentence with so much of it remaining. Keitt sold large amounts of dangerous drugs during the course of his membership in a gang. Given the seriousness of the offense and the harm it caused to the community, a substantial sentence was required to promote respect for the law and to provide just punishment. Sentencing Tr. at 20:17–20. Granting release so early in the term of incarceration would undercut those interests. *See United States v. Alvarez*, No. 11 Cr. 169, 2020 WL 3640523, at *3 (S.D.N.Y. July 6, 2020) ("To so dramatically reduce the sentence in light of the current public health crisis would neither be just

nor promote respect for the law; if anything, it would promote disrespect for the law."); *United States v. Santibanez*, No. 13 Cr. 912, 2020 WL 3642166, at *3 (S.D.N.Y. July 6, 2020) ([R]eleasing [the defendant] before he has completed even half of his sentence would not promote respect for the law, and would undermine the deterrent effect of his sentence."); *United States v. Lowe*, No. 14 Cr. 55-01, 2020 WL 3640580, at *2 (S.D.N.Y. July 6, 2020) ("[R]eleasing [d]efendant now would cut his current sentence by one-half and would not appropriately reflect the nature and circumstances of the offense, or the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct or to protect the public from further crimes." (internal quotation marks and citation omitted)).  In addition, in light of the fact that the five-year sentence in this case was required by statute, granting release with more than three years remaining would risk creating a substantial and unwarranted sentencing disparity between Keitt and other defendants convicted of the same offense under similar circumstances.

The Court does not disregard Keitt's asthmatic condition, or the risk he might face should he contract COVID-19.  His young age and the apparently mild nature of his asthma may place him outside of the most acutely vulnerable group, *see* Gov't Opp'n at 5–6, but the novel coronavirus can have devastating effects on even young and healthy individuals.  The Government has an obligation to protect every individual in its custody from the threat COVID-19 presents.  *See Valentine v. Collier*, 140 S. Ct. 1598, 1601 (2020) (Sotomayor, J., statement respecting the denial of application to vacate stay) ("[I]n this pandemic . . . inmates everywhere have been rendered vulnerable and often powerless to protect themselves from harm.  May we hope that our country's facilities serve as models rather than cautionary tales.").  Nevertheless, the Court cannot ignore the § 3553(a) factors in deciding whether to reduce a sentence already imposed.

## CONCLUSION

Accordingly, Keitt's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 47.

SO ORDERED.

Dated: December 17, 2020
      New York, New York

                                                       ANALISA TORRES
                                                  United States District Judge